UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIAN ORR, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> NEVADA STATE BOARD OF ) <br> OSTEOPATHIC MEDICINE, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-02119-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 9) and Countermotion to Dismiss (ECF No. 14) filed respectively by Plaintiff Marian Orr, and Defendants Nevada State Board of Osteopathic Medicine, Paul Kalekas, C. Dean Milne[1], Ronald Hedger, and Paul Edwards (collectively, "Defendants"). The motions are fully briefed.

**I.      BACKGROUND**

Plaintiff Marian Orr is a licensed physician practicing psychiatric medicine in the State of Nevada. (Compl., 2, ECF No. 1.) Entity defendant Nevada State Board of Osteopathic Medicine ("Board"), including individual board member defendants Paul Kalekas, Ronald Hedger, and Paul Edwards, are charged by the State of Nevada with licensing and discipline of osteopathic physicians such as Plaintiff. (*Id.*) In her Complaint, Plaintiff alleges violations of her constitutional due process rights pursuant to 42 U.S.C. § 1983, in connection with a $250 fine imposed upon her by Defendants at a Board meeting, allegedly pursuant to section 633.651 of Nevada Revised Statutes. (ECF No. 1.)

On October 29, 2012, Plaintiff filled out a renewal application for her license to practice medicine. (Ex. A to Mot. Summ. J., ECF No. 9-1.) Plaintiff answered "YES" in response to

---

[1] On January 10, 2013, Plaintiff filed a Notice of Voluntary Dismissal (ECF No. 16) for Defendant Milne.

1 Question No. 9, which asked, "Since your last renewal have you had staff privileges in a
2 hospital denied, suspended, limited, revoked or non-renewed, or have you resigned from a
3 medical staff in lieu of disciplinary or administrative action?" (*Id*.)  As required, Plaintiff
4 attached an explanation on a separate sheet of paper in which she stated, in full, "On December
5 25, 2011, I was attacked and injured by a patient.  I was under investigation for the incident,
6 and upon conclusion, no action was taken." (*Id*.)  Plaintiff signed her application,
7 acknowledging that she "understand[s] that it is considered unprofessional conduct to provide
8 false information to the Board pursuant to NRS 633.131(1)(a)." (*Id*.)

9 On or before November 28, 2012, Plaintiff alleges that she was served with a subpoena
10 to attend the Board's December 11, 2012, meeting and alleges that she was not notified of the
11 nature of the discussion at that time. (Compl., 4:¶4–5:¶5.)

12 On November 29, 2012, Plaintiff's counsel initiated mail correspondence to the Board's
13 Executive Director, stating that "[i]t is my understanding that [Plaintiff] has been summoned to
14 appear . . . regarding her reapplication." (Ex. C to Mot. Summ. J., ECF No. 9-1.)

15 On December 3, 2012, the Board's Executive Director responded:

16 
17 We have the information regarding the Spring Mountain incident. I have attached Dr. Orr's explanation that she submitted on her 2013 renewal application, but we believed she did not accurately represent what occurred therefore; the Board has asked her to appear. They may have questions and ask that she explain why she answered the way she did.
18 
19 
20 Please let me know if you have any other questions.

21 (Compl., 5:¶10.)

22 At the December 11, 2012, meeting, when her item on the agenda was called, Plaintiff
23 elected to move into closed session. (Compl., 6:¶14.)  After discussion between Plaintiff, her
24 counsel, and the Board, reconvening on the public record, and after voting by the Board
25 members, Plaintiff's re-application was approved but she was fined $250, allegedly "to punish

1  her for not being truthful on her application." (Compl., 6:¶22.)  On December 13, 2012, the
2  Board sent Plaintiff a Letter re: Renewal of License for 2013, enclosing her renewed licensure
3  card, and indicating that Plaintiff should consider the letter "an invoice for the $250.00 fine
4  assessed by the Board resultant from the Board's determination that your renewal application
5  was false or misleading." (Renewal/Fine Letter, Dec. 13, 2012, Ex. E to Mot. Summ. J., ECF
6  No. 9-1.)
7        As relief, Plaintiff requests declaratory judgment in her favor, injunctive relief, and an
8  award of attorney fees, in addition to any other relief deemed just and equitable by the Court.
9  Specifically, Plaintiff requests that the Court declare the "rights, responsibilities, and
10 obligations of Plaintiff and Board Defendants, including a declaration that the Defendants
11 violated Plaintiff's Constitutional due process rights by sanctioning her without adequate notice
12 or opportunity to be heard." (Compl., 9:¶1.)  Plaintiff also requests an injunction preventing
13 Defendants "from filing any reports regarding Plaintiff with the National Practitioners Data
14 Bank," "from taking any action to collect the $250 sanction from Plaintiff," and "from
15 publicizing the sanction to any third parties." (Compl., 9:¶¶2–4.)

16 **II.    LEGAL STANDARD**
17        **A.    Motion for Summary Judgment**
18        The Federal Rules of Civil Procedure provide for summary adjudication when the
19 pleadings, depositions, answers to interrogatories, and admissions on file, together with the
20 affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant
21 is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that
22 may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
23 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable
24 jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if
25 reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

1 in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid

summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff alleges that by imposing the $250 fine while acting under color of state law, Defendants violated her constitutional right to due process under the Fourteenth

1  Amendment.  The relief she requests is declaratory and injunctive in nature, in addition to any
2  award of attorney fees or other equitable relief.
3        Under Chapter 633 of Nevada Revised Statutes, the State Board of Osteopathic
4  Medicine is charged by the State of Nevada with licensing, regulation, and discipline of
5  osteopathic physicians.  *See* Nev. Rev. Stat. §§ 633.151–.741.
6        Applicants for a license must, among other requirements, "include all information
7  required to complete the application." Nev. Rev. Stat. § 633.305(2).  "The Board may hold
8  hearings and conduct investigations into any matter related to the application and . . . may take
9  such further evidence and require such other documents or proof of qualifications as it deems
10 proper." Nev. Rev. Stat. § 633.305(3).  "The Board may reject an application if the Board has
11 cause to believe that any credential or information submitted by the applicant is false,
12 misleading, deceptive or fraudulent." Nev. Rev. Stat. § 633.305(4).  A license holder may
13 renew a license by, among other requirements, "[s]ubmitting all information required to
14 complete the renewal." Nev. Rev. Stat. § 633.471(1)(e).
15       Non-disciplinary conditions, limitations or restrictions may be placed on a license by the
16 Board, as follows:

> 1. The Board may place any condition, limitation or restriction on any license issued pursuant to this chapter if the Board determines that such action is necessary to protect the public health, safety or welfare.
> 2. The Board shall not report any condition, limitation or restriction placed on a license pursuant to this section to the National Practitioner Data Bank unless the licensee fails to comply with the condition, limitation or restriction placed on the license. The Board may, upon request, report any such information to an agency of another state which regulates the practice of osteopathic medicine in that State.
> 3. The Board may modify any condition, limitation or restriction placed on a license pursuant to this section if the Board determines that the modification is necessary to protect the public health, safety or welfare.
> 4. Any condition, limitation or restriction placed on a license pursuant to this section is not a disciplinary action pursuant to NRS 633.651.

25 Nev. Rev. Stat. § 633.3617.

Grounds for initiating disciplinary action include unprofessional conduct, and before any disciplinary proceedings are initiated, the Board may issue a letter of warning, a letter of concern or a non-punitive admonishment if the Board has reason to believe that a person has violated any provision of Chapter 633. Nev. Rev. Stat. §§ 633.510–.511.  "If the Board finds a person guilty in a disciplinary proceeding, it shall by order take one or more of the following actions," and "shall not administer a private reprimand":

>  (a) Place the person on probation for a specified period or until further order of the Board.
>  (b) Administer to the person a public reprimand.
>  (c) Limit the practice of the person to, or by the exclusion of, one or more specified branches of osteopathic medicine.
>  (d) Suspend the license of the person to practice osteopathic medicine or to practice as a physician assistant for a specified period or until further order of the Board.
>  (e) Revoke the license of the person to practice osteopathic medicine or to practice as a physician assistant.
>  (f) Impose a fine not to exceed $5,000 for each violation.
>  (g) Require supervision of the practice of the person.
>  (h) Require the person to perform community service without compensation.
>  (i) Require the person to complete any training or educational requirements specified by the Board.
>  (j) Require the person to participate in a program to correct alcohol or drug dependence or any other impairment.

Nev. Rev. Stat. § 633.651(1)–(2).  "The order of the Board may contain any other terms, provisions or conditions as the Board deems proper and which are not inconsistent with law," and "[a]n order that imposes discipline and the findings of fact and conclusions of law supporting that order are public records." Nev. Rev. Stat. § 633.651(1), (3).

In the Opposition to the Motion for Summary Judgment and Countermotion to Dismiss (ECF Nos. 12, 14), Defendants argue that the fine was a non-disciplinary action ordered pursuant to section 633.3617, and was not a disciplinary action pursuant to section 633.651, as Plaintiff alleges.  Defendants argue that Plaintiff's licensure review was set pursuant to section

1  633.305(3), as a "condition, limitation or restriction" on Plaintiff's license.  Defendants do not
2  specifically argue whether "the Board determine[d] that such action [wa]s necessary to protect
3  the public health, safety or welfare," as required by this subsection.

4  Because Plaintiff bears the burden of proof on her claims at trial, in order for the Court
5  to grant summary judgment in her favor, the Court must find that she has met her initial burden
6  of establishing the absence of a genuine issue of fact on each issue material to her case, and
7  must provide evidence which would entitle her to a directed verdict if the evidence went
8  uncontroverted at trial.  Here, the Court cannot make such a finding.  Drawing all justifiable
9  inferences in Defendants' favor, the Court cannot find that Plaintiff would be entitled to a direct
10 verdict because Defendants' fine could reasonably be considered a "condition, limitation or
11 restriction" on Plaintiff's license, pursuant to a determination that such action was "necessary
12 to protect the public health, safety or welfare."  Accordingly, a genuine dispute of material fact
13 exists as to whether Plaintiff's due process rights were violated.  Therefore, because Plaintiff
14 cannot show in her motion that there is no genuine dispute as to any material fact and that she is
15 entitled to judgment as a matter of law, the Court must deny the Motion for Summary Judgment
16 (ECF No. 9).

17 As for Defendant's Countermotion to Dismiss (ECF No. 14), the remaining arguments
18 raised by Defendants appear to be as to the applicability of the *Younger* abstention doctrine,
19 and whether the individual defendants may invoke the doctrine of qualified immunity.

20 Nevada statute provides that "[a]ny party who is: (a) Identified as a party of record by an
21 agency in an administrative proceeding; and (b) Aggrieved by a final decision in a contested
22 case, is entitled to judicial review of the decision." Nev. Rev. Stat. § 233B.130(1).  Petitions for
23 judicial review must be filed within thirty days after service of the final decision of the agency.
24 Nev. Rev. Stat. § 233B.130(2).  On December 13, 2012, Plaintiff filed such a petition for
25 judicial review before the Eighth Judicial District Court of the State of Nevada, appealing the

decision of the Board at the December 11, 2012, meeting. *See* Ex. 8 to Longo Aff., ECF No. 14-1.)

However, Plaintiff has apparently dismissed her state court petition for review, without prejudice. (*See* Response to Mot. to Dismiss, ECF No. 17.)  Plaintiff adds a footnote in which she claims that she "has the right to seek to re-open that case," and then provides an analysis of why the *Younger* doctrine does not apply. (*See id.* at 4 n.1.)  However, the Court need not determine whether this is correct, because at this time the application of the *Younger* doctrine appears to be moot.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  The Supreme Court has "mandated a two-step sequence for resolving government officials' qualified immunity claims." *Id*. at 232.  "First, a court must decide whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right." *Id*.  "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id*.  "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id*.

Here, based upon the facts alleged, the Court cannot find that Plaintiff has made out a violation of a constitutional right in her Complaint, as applied to the individual defendants, and correspondingly, cannot find that Plaintiff has shown facts making out such a violation. Therefore, the Court must find that the doctrine of qualified immunity is applicable as against the individual Board member defendants named in the Complaint, and must dismiss them from this action.

Finally, the Court recognizes that the positions of the parties have changed throughout this litigation, including Plaintiff's requested forms of relief, Plaintiff's litigation position in state court, and the Constitutional and statutory basis provided by Plaintiff to support Plaintiff's arguments of violations of due process. Accordingly, the Court will not consider whether Plaintiff's entire action should be dismissed pursuant to Rule 12(b)(6), without giving Plaintiff an opportunity to amend her Complaint, if any amendment is contemplated, and without giving Defendant the opportunity to move for dismissal pursuant to any new claims alleged by Plaintiff. Therefore, at this time the Court does not consider the sufficiency of Plaintiff's pleadings apart from Defendants' original arguments in the Countermotion to Dismiss (ECF No. 14). If Defendant wishes to bring such a motion, the Court gives Defendant leave to do so at the appropriate time, and before the expiration of the dispositive motion deadline.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Countermotion to Dismiss (ECF No. 14) is **GRANTED** in part, and **DENIED** in part, as follows. Defendants' motion to dismiss Plaintiff's claims against the individual defendants pursuant to the doctrine of qualified immunity is **GRANTED**; Plaintiff's claims against all defendants except the Nevada State Board of Osteopathic Medicine are dismissed. Defendants' motion to dismiss the action pursuant to the *Younger* abstention doctrine is **DENIED as moot**. Defendants' motion to dismiss C. Dean Milne is **DENIED as moot**.

**DATED** this 20th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge