**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Marian Orr, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-02119-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| Nevada State Board of Osteopathic Medicine, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is "Plaintiff's Request for Clarification of Order and/or Reconsideration of Order" (ECF No. 21) filed by Plaintiff Marian Orr, to which Defendant Nevada State Board of Osteopathic Medicine ("the Board") has filed a Response. Plaintiff filed no Reply, and the deadline to do so has expired.

Also before the Court is the Motion to Dismiss (ECF No. 25) filed by the Board, to which Plaintiff has filed a Response (ECF No. 27), and the Board filed a Reply (ECF No. 30).

**I.    BACKGROUND**

The motions currently pending before the Court arise from the Court's September 20, 2013, Order (ECF No. 20) denying Plaintiff's Motion for Summary Judgment (ECF No. 9), and granting in part, and denying in part Defendants' Countermotion to Dismiss (ECF No. 14). In the Order, the Court dismissed Plaintiff's claims against all defendants except the Nevada State Board of Osteopathic Medicine. (ECF No. 20.)

**II.    DISCUSSION**

**A.  "Plaintiff's Request for Clarification of Order and/or Reconsideration of Order" (ECF No. 21)**

Plaintiff responded to the Court's Order with a motion styled as "Plaintiff's Request for

Clarification of Order and/or Reconsideration of Order" (ECF No. 21), filed on November 6, 2013. In that motion, Plaintiff states that the "Court made two statements which are concerning," and "requests that the Court elaborate on these issues." (*Id.*) Defendant filed its Response (ECF No. 24) on November 20, 2013, and Plaintiff failed to file any Reply.

In her motion, Plaintiff provides no legal authority for requesting "clarification" of a Court order. However, Rule 60(b) of the Federal Rules of Civil Procedure may provide a standard for reconsideration here. Rule 60 governs relief from a judgment or order, and provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Having reviewed Plaintiff's motion, the Court finds no grounds for providing further elaboration on the issues determined by the Court in its September 20, 2013, Order (ECF No. 20). Furthermore, the Court has considered Plaintiff's request for reconsideration to the extent that Rule 60 applies, and finds no grounds for reconsideration of its Order, and no other reason justifying further relief. Accordingly, "Plaintiff's Request for Clarification of Order and/or

1 Reconsideration of Order" (ECF No. 21) will be denied.

2 **B.  Motion to Dismiss (ECF No. 25)**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992)  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant filed its Motion to Dismiss (ECF No. 25) on November 20, 2013, and Plaintiff filed her Response (ECF No. 27) on December 6, 2013, claiming that "she is unable to file an amended complaint because she needs clarification from the Court on two issues,"

referencing her previous motion.  Plaintiff failed to provide any substantive argument in response to Defendant's motion requesting dismissal.

On December 9, 2013, United States Magistrate Judge Cam Ferenbach held a pretrial conference and entered a Scheduling Order (ECF No. 29) setting a discovery deadline of March 10, 2014, and a motions deadline of April 9, 2014.  Subsequently, Defendant filed its Reply (ECF No. 30) on December 16, 2013.

Months later, after all deadlines had expired, Plaintiff had taken no further action to pursue her litigation, and on April 7, 2014, Defendant filed its Request to Submit (ECF No. 33).  Plaintiff has still taken no action to pursue her claims against the Nevada State Board of Osteopathic Medicine.

Plaintiff has failed to comply with deadlines set by the Court and the applicable rules of civil procedure for this jurisdiction and in the Federal Rules of Civil Procedure.  Plaintiff provides no legal authority supporting her contention that the applicable briefing, motions, and discovery deadlines do not apply to her.  The Court finds no grounds to excuse Plaintiff's series of procedural violations, particularly where Plaintiff also failed to request any extension of the applicable deadlines, pursuant to the rules provided by this Court.  Because Plaintiff had ample time and opportunity to pursue her litigation diligently, and in compliance with all applicable rules, and because Plaintiff has failed to present any substantive argument in opposition to Defendant's arguments for dismissal, the Court finds good cause to grant Defendant's Motion to Dismiss (ECF No. 25).

To be clear, and to avoid the need for further clarification, the Court finds in favor of Defendant Nevada State Board of Osteopathic Medicine, and in agreement with the arguments stated by the Board in its Reply brief (ECF No. 30), that Plaintiff has failed to provide any substantive grounds supporting the maintenance of her claims, and has failed to show any merit to her claims against the Board.  The Court finds that Plaintiff has failed to state a legally

1  cognizable claim against Defendant, and her complaint should therefore be dismissed pursuant
2  to Rule 12(b)(6).  Plaintiff's claims will be dismissed with prejudice, for failure to provide just
3  cause for extension of the applicable deadlines, and because it is clear that the deficiencies of
4  her complaint cannot be cured by amendment.

5  **III.     CONCLUSION**

6  **IT IS HEREBY ORDERED** that the Motion for Clarification and/or to Reconsider
7  (ECF No. 21) is **DENIED**.

8  **IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 25) is
9  **GRANTED**.  Plaintiff's Complaint is dismissed with prejudice.  The Clerk shall enter
10 judgment accordingly and the case shall be closed.

11 **DATED** this 25th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court