# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

MARIAN ORR, D.O.,

                    Plaintiff,

vs.

NEVADA STATE BOARD OF OSTEOPATHIC
MEDICINE; et.al.,

                    Defendants.

Case No. 2:12–cv–2119–GMN–VCF

**ORDER & REPORT AND
RECOMMENDATION**

Before the court is the Nevada State Board of Osteopathic Medicine's (Board) motion for reconsideration (ECF No. 48).  The Board asks this court to reconsider its previous decision regarding the Board's attorney's fees.   In light of the Ninth Circuit's affirmation of the court's order dismissing the action, this court reconsiders the Board's motion for attorney's fees (ECF No. 40), Orr's response (ECF No. 43), and the Board's reply (ECF No. 44).  For the reasons stated below, the Board's motion to reconsider (ECF No. 48) is granted.  Upon reconsideration, the Board's motion for attorney's fees (ECF No. 40) should be granted.

## I. Discussion

1.    <u>Orr's Claims Against the Board Were Meritless</u>

"In any action or proceeding to enforce [42 U.S.C.] section … 1983… the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of costs." 42 U.S.C. § 1988.  "The mere fact that a defendant prevails does not automatically support an award of fees." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988).  "A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Id.*

Here, Orr's conduct in this action demonstrates that her claims against the Board were meritless. In light of the order dismissing all defendants except the Board (ECF No. 20), this court permitted the parties to exchange discovery regarding Orr's claims against the Board (ECF No. 29). The discovery deadline passed and no extensions were sought. Shortly thereafter, the Board moved to submit its second motion to dismiss (ECF No. 33). In its motion, the Board represented that "Dr. Orr has not filed the amended complaint allowed by the Court. Additionally, the March 10, 2014 discovery cut-off by Magistrate [Judge] Ferenbach in his Order (ECF No. 29) has come and gone and Dr. Orr sought no discovery." (ECF No. 33) Orr does not dispute either contention. (ECF No. 43 at 8)("Dr. Orr did not conduct discovery, because after considering the matter further, it was determined that discovery was not needed at the time.")

In its order granting the Board's second motion to dismiss, the court noted that Orr "had taken no further action to pursue her litigation" and she "failed to provide any substantive argument in response to Defendant's motion requesting dismissal." (ECF No. 34) The court specifically found that Orr "failed to provide any substantive grounds supporting the maintenance of her claims, and has failed to show any merit to her claims against the Board." (*Id.*) In plain language, the court informed Orr that her claims against the Board lacked merit. (*Id.*)

Orr attempts to explain her lack of diligence. She claims that she was awaiting resolution of her motion for clarification (ECF No. 21) before she expended additional resources on this action. Orr's motion takes issue with two portions of the court's September 13 order (ECF No. 20). The first segment concerns the court's ruling on Orr's motion for summary judgment:

> Drawing all justifiable inferences in Defendants' favor, the Court cannot find that Plaintiff would be entitled to a directed verdict because Defendants' fine could reasonably be considered a "condition, limitation, or restriction" on Plaintiff's license, pursuant to a determination that such action was "necessary to protect the public health,

safety or welfare."  Accordingly, a genuine dispute of material facts exists as to whether Plaintiff's due process right were violated.

(ECF No. 20 at 8)

The second segment addresses the Board's first motion to dismiss:

Here, based upon the facts alleged, the Court cannot find that Plaintiff has made out a violation of a constitutional right in her Complaint, as applied to the individual defendants, and correspondingly, cannot find that Plaintiff has shown facts making out such a violation.

(*Id.* at 9)

Orr asked the court to "elaborate on these issues," but did not identify her confusion or explain her misunderstanding of the order.  Instead, for the first time in her response to the Board's motion for attorney's fees, Orr explains that she was unsure whether she needed to amend her claims against the Board.[1]  (ECF No. 43 at 9)

The court's role is not to litigate Orr's claims on her behalf.  Whether to amend her claims against the Board was solely within the discretion of Orr and her counsel.  She chose to rely on her original claims against the Board,.  The court considered those claims in light of the Board's second motion to dismiss and dismissed them.  (ECF No. 34)  Orr cannot shift blame on to others for her unsuccessful litigation strategy and its accompanying lack of diligence.

2.   The Board's Attorney's Fees Are Reasonable

"Federal courts employ the 'lodestar' method to determine a reasonable attorney's fees award under § 1988."  *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  "The lodestar method is a two-step process."  Id.  "First a court calculates the lodestar figure by multiplying the number of hours

---

[1] This court has reviewed the challenged phrases in the context of the court's September 13 order.  It has difficulty finding the complained of ambiguity.  To the contrary, the September 13 order clearly and efficiently denied Orr's motion for summary judgment and dismissed her claims against the individual defendants on qualified immunity grounds.  (ECF No. 20).

reasonably expended on a case by a reasonable hourly rate." *Id.* "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Id.* (internal quotations omitted). "Second, the court determines whether the to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.*

The Board's attorney, Louis Ling, billed a total of $8,002.00 for work performed in this action. He included an itemized billing summary with his motion for attorney's fees. (ECF No. 41). The summary lists the date work was performed, a brief description of the work, and the amount the Board was billed for the work. (*Id.*) From January 2012 to Jul 1, 2013, he billed $100.00 per hour for work performed for the Board. (*Id.*) After July 1, 2013, attorney Ling's hourly rate increased to $120.00 per hour. While he worked on this action, attorney Ling billed half his hourly rate when he traveled on the Board's behalf. (*Id.*) At these rates, attorney Ling billed the Board for approximately $8.002.00 to litigate this action from beginning to end. (*Id.*)

Orr does not contest the reasonableness of attorney Ling's hourly rate. (ECF No. 43) As an attorney with over 20 years of experience defending licensing boards attorney Ling's hourly rate is very reasonable. *Hunt v. Access Vegas II, LLC*, No. 2:15-cv-1125-JCM-GWF, 2016 WL 4717761 at *1 (D.Nev. Sept. 7, 2016)(finding an hourly rate of $165 to be reasonable).

 Orr instead argues that the Board should only recover attorney's fees related to responding to her motion for clarification. (ECF No. 43 at 10) Orr contends that her claims became meritless only after the court declined to clarify its prior order. (*Id.*) In support of this argument, Orr cites *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 962 (9th Cir. 2010). In *Edgerly*, the plaintiff sued the defendants under section 1983 for an allegedly unconstitutional search of his person. *Id.* at 951. At the close of discovery, counsel for one of the individual defendants, a police department supervisor, asked plaintiff's counsel to dismiss the claims against his client. *Id.* at 962. Plaintiff refused. *Id.* Defense

4

counsel filed a motion for summary judgment and moved for attorney's fees under section 1988.  *Id.*  The court awarded defense counsel attorney's fees for all work performed after the close of discovery.  *Id.*  It had become clear to all parties that the plaintiff's claims against the individual in question were meritless; he had only become aware of the alleged misconduct after it had happened.  *Id.*  The attorney's fee award represented the money expended defending what had become an unmeritorious claim.  *Id.*

Contrary to Orr's argument, *Edgerly* is readily distinguishable from the present action.  In *Edgerly*, the parties needed substantial discovery to ascertain that the plaintiff's claims against the supervisor were meritless.  *Id.*  Indeed, it was only after the supervisor's deposition, during which he affirmed that he had no knowledge of the incident until after it had happened, that it became clear he could not be held liable under section 1983.  *Id.*

Here, Orr should have known from the outset of litigation that her claims were meritless.  Orr's claims against the Board did not change.  Throughout this action, Orr maintained that the Board had deprived her of her due process rights.  The first time the court considered these claims on their merits[2], it found that they failed to state a claim for relief.  (ECF No. 34)  The court did not need, and was not presented with, any discovery in order to reach this conclusion.  Coupled with the fact that Orr did not seek discovery to support her claims, despite being given ample opportunity to do so, demonstrates that her claims were meritless from their inception.  Like the *Edgerly* plaintiff, Orr did not need to await a court order confirming the unmeritorious nature of her claims.  *See id.*

---

[2] At the time the court considered the Board's first motion to dismiss, Orr had changed her requested relief, specific legal theory of liability, and dismissed her state court action.  (ECF No. 20)  In light of these developments, the court declined to address Orr's claims against the Board on the merits and gave Orr an opportunity to amend her claims. (Id.)

After reviewing attorney Ling's billing summary, this court finds that the hourly rates and the number of hours spent defending this action were reasonable. Thus a lodestar figure of $8,002.00 is reasonable. No facts or circumstances of this action warrant an upward or downward deviation.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Board's motion for reconsideration (ECF No. 48) is GRANTED.

IT IS HEREBY RECOMMENDED that the Board's motion for attorney's fees (ECF No. 40) is GRANTED.

IT IS FURTHER RECOMMENDED that on or before December 19, 2016, Orr must pay the Board $8,002.00 representing attorney's fees incurred defending this action.

IT IS SO ORDER AND RECOMMENDED.

DATED this 2nd day of December, 2016.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6